Filed 7/24/24  Leibrand v. Superior Court CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOHN LEIBRAND,<br><br>      Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>      Respondent;<br><br>THE PEOPLE,<br><br>      Real Party in Interest. | A170134<br><br>(San Francisco County Super. Ct. Nos. 23010138, 23012495 & 23018799; App. Div. Nos. APP-24-008753, APP-24-008754 & APP-24-008757) |

BY THE COURT:*

Petitioner John Leibrand challenges orders denying his motions to dismiss misdemeanor charges against him on the ground his statutory speedy trial rights were violated.  (Pen. Code,[1] § 1382.)  As explained below, petitioner is entitled to have the charges dismissed.

---

  * Stewart, P. J., Richman, J., and Mayfield, J. (Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution).

  [1] Further statutory references are to the Penal Code.

1

The San Francisco County District Attorney filed three misdemeanor complaints against petitioner that include charges of battery and contempt of court.  In each of the cases, petitioner declined to waive his right to a speedy trial.  It is undisputed that trial did not commence in any of the three cases before the statutory last day to do so under section 1382.  Petitioner filed motions to dismiss in each of the cases contending that his statutory speedy trial rights had been violated.  In response, the People filed a memorandum conceding that no good cause existed for the delay in bringing the matters to trial.

The court denied the three motions in lengthy but identical orders that justified the delay due to "exceptional and extraordinary circumstances" related to the COVID-19 pandemic. Petitioner thereafter sought writ relief in the appellate division of the superior court, which denied his petitions in a single order. Following that denial, petitioner filed a petition for writ of mandate or prohibition in this court along with a request for a stay of an imminent trial.  We issued an immediate stay of trial and requested preliminary briefing.  We also gave notice that we might issue a peremptory writ in the first instance.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 (*Palma*).)  In response to our briefing request, the People filed a letter brief agreeing with petitioner that there was no good cause shown to continue the cases beyond the last statutory day to commence trial.  The People concede the superior court should have dismissed the cases under section 1382.

The procedural history of this matter is in all relevant respects identical to that in *Mendoza v. Superior Court* (July 15, 2024, A170135) ___ Cal.App.5th ___ [2024 WL 3408756], in which our colleagues in Division Four concluded that the petitioner's right to relief was obvious based on existing, well settled legal principles.[2] The same is true here. Just as in *Mendoza*, the People did not satisfy their burden to establish good cause for the delay in bringing petitioner's cases to trial. (*Id.* at p. ___ [2024 WL 3408756 at p. *3]; see *Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 780–781.) It was not the superior court's role to assume the prosecutor's burden to show good cause for the delay. (*Mendoza,* at p. ___ [2024 WL 3408756 at p. *3].) Further, wholly apart from the failure of the People to meet their burden on the motion, the court erred in premising its ruling on the truth of facts contained in judicially noticed materials. (*Id.* at p. ___ [2024 WL 3408756 at p. *4]; see generally *Barri v. Workers' Comp. Appeals Bd.* (2018) 28 Cal.App.5th 428, 437; *In re Joseph H.* (2015) 237 Cal.App.4th 517, 541; *Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 120–121.) Under the circumstances, the court abused its discretion in denying the motions to dismiss. (*People v. Hajjaj* (2010) 50 Cal.4th 1184,

---

[2] As the court noted in *Mendoza*, the opinion does not break new legal ground. (*Mendoza v. Superior Court, supra,* ___ Cal.App.5th at p. ___ [2024 WL 3408756 at p. *5].) We cite it merely because the procedural posture of that case is identical in relevant respects to this one and the opinion contains a more detailed discussion of the legal authority supporting relief.

3

1197–1198 [good cause determination reviewed for abuse of discretion].)

We have reached our decision after notice to all parties that we might act by issuing a peremptory writ in the first instance and after considering the response from the People. (*Palma, supra*, 36 Cal.3d at p. 180.) Because petitioner's right to relief is obvious and no purpose would reasonably be served by further consideration of the issue, we shall issue a peremptory writ in the first instance. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its orders of May 9, 2024, denying petitioner John Leibrand's motions to dismiss pursuant to section 1382 and to enter new and different orders granting the motions. The stay of trial previously imposed by this court shall remain in effect until the remittitur issues. This decision shall be final immediately in this court upon filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)